UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 04-68ML |
| | : | |
| WILLIAM DiGREGORIO | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on January 4, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Mary L. Lisi. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of three (3) months of incarceration, followed by a term of supervised release for a period of thirty-three (33) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and submit to no more than seventy-two urine specimens per year**

**and that Defendant participate in outpatient mental health treatment as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to satisfy the remaining outstanding balance on his original restitution obligation of $10,229.00, plus interest.**

**Background**

On November 5, 2007, the Probation Office petitioned the Court for the issuance of a warrant for Defendant's arrest. On November 6, 2007, the District Court ordered the issuance of a warrant as requested in the Petition. Defendant was arrested and appeared in Court on November 20, 2007 for a preliminary hearing and was detained. A subsequent hearing was held on January 4, 2008 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. DiGregorio used cocaine base as evidenced by his January 19, 2007 positive urine specimen and February 2, 2007 admission.
>
> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. DiGregorio ingested illicit substances as evidenced by his positive drug test on April 26, 2007 and his subsequent admission on May 7, 2007.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
>
> Mr. DiGregorio failed to report to the United States Probation Office in accordance with the Random Urinalysis Color Code Program on

February 15, 2007, March 6, 2007, April 9, 2007, July 6, 2007, July 24, 2007, August 3, 2007, September 11, 2007, September 24, 2007, October 9, 2007, October 12, 2007, October 23, 2007, October 26, 2007, as directed by USPO Borrelli on February 5, 2007, September 21, 2007 and October 23, 2007.

**The defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.**

Mr. DiGregorio failed to attend outpatient substance abuse counseling at Adcare, Warwick, Rhode Island on September 12, 2007 and October 25, 2007.

**The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

Mr. DiGregorio failed to make payments toward his outstanding joint and several fine obligation of $10,229.00 as directed by USPO Borrelli on October 19, 2006 and February 22, 2007.

As the Defendant has admitted these charges,[1] I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

[1] A sixth charge alleging misuse of a prescription antidepressant was DISMISSED upon Motion of the Government.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has been no term of imprisonment previously imposed for violations

of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation. Therefore, the Court may revoke or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the

schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The second provision which allows for alternatives for one-half of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding, joint and several fine in the amount of $10,219.00.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation

and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant and his wife plead guilty in 2004 to conspiring to steal postage stamps. Defendant was sentenced to twenty-two months' incarceration to be followed by three years' supervised release. Defendant's supervision commenced on December 27, 2005. This is his first violation case.

Defendant has a lengthy criminal record and has been in and out of prison for most of his adult life. See Defendant's Ex. B. He also has a long history of substance abuse and mental illness. Id. In addition, Defendant's wife has a history of substance abuse.

This is a Grade C violation case. The guideline range for revocation is eight to fourteen months. The Government argues for an eight-month sentence to be followed by twenty-eight months of further supervision. It contends that his record of compliance has been abysmal, and he has been argumentative and uncooperative. Defendant expressed remorse for his period of noncompliance and his counsel attributed his behavior to his substance abuse and mental health issues.

Although some of the violations relate to Defendant's drug use, this is not a case about positive drug screens. It is a case about Defendant's failure to follow the basic rules of supervision. Defendant repeatedly failed to report for required drug screens and missed counselling

appointments. As outlined in the violation report, Defendant's Probation Officer went to extraordinary lengths to assist Defendant in meeting his obligations.

Under the particular circumstances of this case, the Government's eight-month recommendation is not an appropriate sentence. It appears that Defendant was reasonably compliant during his first year of supervision and that his more recent noncompliance is attributable, in part, to Defendant's substance abuse and mental health issues. In addition, there is no charge, or suggestion, that Defendant has reverted to criminal behavior. There is no doubt that Defendant needs a wake-up call but I do not believe that an additional eight months in jail is necessary for that purpose. Defendant has been detained since November 20, 2007 and spent the holidays away from his wife. Defendant expressed concern for his wife's well-being in his absence and, in letters to Chief Judge Lisi, his wife expressed the need for Defendant's support. On balance, I conclude that a sentence of three-months' incarceration to be followed by thirty-three months' supervised release best serves the interests identified in 18 U.S.C. § 3553(a). By the time Defendant appears for final sentencing, this recommendation will effectively be a time-served sentence. Hopefully, this will be sufficient to get Defendant's attention. Defendant is further advised that future violations will be punished more severely.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of three (3) months of incarceration, followed by a term of supervised release for a period of thirty-three (33) months. I further recommend that, while on supervised release, Defendant participate in an**

**outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and submit to no more than seventy-two urine specimens per year and that Defendant participate in outpatient mental health treatment as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to satisfy the remaining outstanding balance on his original restitution obligation of $10,229.00, plus interest.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 7, 2008