**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | Cr. No. CR04-68-01ML |
| | ) | |
| **WILLIAM DIGREGORIO** | ) | |
| | ) | |
| | ) | |

OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LINCOLN D. ALMOND

Now comes the defendant, William DiGregorio, and objects to the Report and Recommendation of the Magistrate Judge Lincoln D. Almond and appeals to the United States District Court Judge from the report and recommendation of Magistrate Judge Lincoln D. Almond, dated January 7, 2008, finding the defendant in violation of the terms of his supervised release and recommending a disposition of this matter. As set forth in the supporting memorandum, the defendant objects only to certain portions of the recommendation as to disposition.

WILLIAM DIGREGORIO,
By his Attorney

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Lee Vilker, AUSA, on the 16th day of January, 2008.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | Cr. No. CR04-68-01ML |
| | ) | |
| **WILLIAM DIGREGORIO** | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LINCOLN D. ALMOND

## I. INTRODUCTION

The defendant, William DiGregorio, has objected to the Report and Recommendation of the Magistrate Judge Lincoln D. Almond. The defendant admitted he was in violation of the terms of supervised release conditions. The Report and Recommendation makes certain recommendations to which the defense objects and certain to which the defense does not objection. They are set forth below.

The Report and Recommendation recommends that the Defendant be committed to the Bureau of Prisons for a term of three (3) months of incarceration, followed by a term of thirty-three (33) months of supervised release. The defendant does not object to the recommended term of incarceration, but does object to the recommendation that the term of incarceration be followed by a term of thirty-three (33) months of supervised release, but instead the defendant asks that the term of supervised release that is imposed run to December 26, 2008, the date his supervised release would have originally ended.

The Report and Recommendation recommends that the defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United

States Probation Officer and submit to no more than seventy-two urine specimens per year and that the Defendant participate in outpatient mental health treatment as approved by the United States Probation Officer. The defense has no objection to this portion of the report if the defendant is placed on supervised release.

The Report and Recommendation recommends that the Defendant be ordered to satisfy the remaining outstanding balance on his original restitution obligation of $10,229.00 plus interest. The defense objects to the requirement that he pay interest.

A more detailed explication of the defendant's objections follows.

## II. Objection to Recommendation that the Term Of Incarceration Be Followed By A Term Of Thirty-Three Months Of Supervised Release

When the defendant was initially sentenced, the sentence included three years of supervised release. The Supervised Release commenced on December 27, 2005. A warrant was issued for the defendant's violation of the terms of his supervised release and he has been in custody since November 20, 2007. The defense asks the Court not to impose a thirty-three month period of supervised release. Rather, the defense asks the Court to impose a term of supervised release that would end on December 26, 2008, which is the original date that the defendant's supervised release was scheduled to end.

To impose a thirty three month period of supervised release on the defendant would mean that he ultimately would be on supervised release for a period of over 55 months. (The 33 months following the revocation and the 22+ months prior to the revocation.) One adds to the above calculus the fact that the defendant was initially sentenced to 22 months incarceration and there is presently a recommendation of 3 months incarceration. Adding past and recommended terms of imprisonment and

supervised release, the defendant would on supervised release or incarcerated for over 6 years. The defense submits that given the nature of the offense (conspiracy to steal postage stamps), the proposed period of supervised release is overly punitive. Instead, the defense proposes that the defendant be placed on supervised release upon his release from incarceration until December 26, 2008. In effect, this proposal would mean the defendant was under supervision for the same period as originally ordered by this Court, with a portion of the time originally allocated to supervised release being in prison instead. The period would be three months if the Court accepts that portion of the Report and Recommendation of the Magistrate Judge as pertains to the recommended period of incarceration.

The problem in this case is realistically speaking the defendant's drug problem. The defense submits that addressing that problem through the penal system simply adds a layer of complexity to a problem that is more medical than legal.

For all of these reasons the defendant asks that the Court impose a sentence of three months incarceration, with no further period of supervised release.

III. Objection To The Requirement That Defendant Pay Interest on The Restitution Obligation

There is an outstanding restitution obligation in this case. The defendant recognizes this obligation. Given the defendant's limited financial abilities, even making periodic payments on the obligation is difficult. The defendant asks only that there be no requirement of paying interest on the restitution obligation, given his financial difficulties. The defendant would note that when this Court originally sentenced the

defendant, the Court determined that the defendant did not have the ability to pay interest and the interest requirement was waived .

WILLIAM DIGREGORIO,
By his Attorney

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Lee Vilker, AUSA, on the 16th day of January, 2008.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net